IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFREDO VEGA,

                 Plaintiff,                   OPINION and ORDER

         v.                                   12-cv-155-bbc

WILLIAM POLLARD,

                  Defendant.

---

This is a proposed civil action for monetary and declaratory relief brought by plaintiff Alfredo Vega, a prisoner at the Waupun Correctional Institution, against defendant William Pollard. Although plaintiff titled his submission as a "Petition for Writ of Certiorari," the court has construed it liberally as a proposed complaint under 42 U.S.C. § 1983. Dkt. #6. From the allegations set forth in the complaint, it appears that plaintiff is asking for leave to proceed on a claim that defendant violated his rights to due process under the Fourteenth Amendment when he affirmed a disciplinary hearing officer's decision ordering plaintiff to pay restitution in the amount of $3,545. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment of the filing fee.

Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the

1

complaint generously.  <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972).  Documents attached to the complaint may be considered part of the complaint itself.  <u>International Marketing, Ltd. v. Archer-Daniels-Midland Co.</u>, 192 F.3d 724, 729 (7th Cir. 1999).

After reviewing the complaint and the documents attached to it, I conclude that plaintiff has failed to state a claim against defendant Pollard for the violation of his constitutional rights.   Therefore, I am dismissing his complaint and directing the clerk of court to close this case.  Plaintiff's motion for appointment of counsel will be denied as moot.

In his complaint and the documents attached to it, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

Plaintiff Alfredo Vega is a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin.  Defendant William Pollard is the warden of the institution and had final decision making authority with respect to plaintiff's disciplinary proceeding.

On July 27, 2011, plaintiff was transported to Waupun Memorial Hospital because he had swallowed pills in an attempt to commit suicide.  Following this incident, Officer Pelischek issued plaintiff a conduct report for disobeying orders, misusing prescription drugs and lying.  Pelischek  wrote that when he noticed that the window to plaintiff's segregation cell was covered with paper, he ordered plaintiff to uncover the window but plaintiff did not respond.  Pelischek stated that he left to retrieve a clear shield and returned to find the trap to the cell open.  Pelischek reported that he observed plaintiff holding a clear plastic cup,

2

which appeared to contain medication.  Although Pelischek ordered plaintiff to drop the cup and come to the door to be restrained, plaintiff did not do so.  Pelischek stated that he then observed plaintiff take approximately 50 sleeping pills that he had acquired from other inmates.  Pelischek reported that plaintiff was then restrained and given medical treatment.  Pelischek also wrote that "[p]er Health Service Unit manager inmate Vega's urine toxicology screen later showed negative results for overdose."  Dkt. #1, exh. 1 at 2.

A disciplinary hearing was held on September 6, 2011 before Captain John O'Donovan.  According to the resulting written report, the physical evidence included plaintiff's and Pelischek's statements, questions and answers from Captain Olson, clinical forms and a hospital bill.  At the hearing, Pelischek testified that he included a charge of lying in the conduct report because the "HSC Unit Manager" directed him to do so.  In his written report, O'Donovan wrote that

> Per the report the inmate admitted to gathering up the 'pills' from other inmates.  I also note that the report states that Vega's toxicology was negative for an overdose.

> *   *   *

> After reviewing the report, evidence, and all of the testimony I find that it is more likely than not that the inmate did acts to show that he was taking a medication that was not prescribed to him and excess of what would have been prescribed and that the inmate disobeyed orders to drop the cup and come to the door by not doing either and putting the cup to his mouth.

Dkt. #1, exh. 1 at 3.

O'Donovan found plaintiff guilty of disobeying orders and attempting to misuse prescription medication.  He imposed a penalty of 270 days of disciplinary separation and required plaintiff to pay $3,545 in restitution for the hospital bill.

Plaintiff appealed the decision to defendant Warden Pollard on September 14, 2011, contesting the restitution.  He claimed that the hearing officer never showed him a copy of the hospital bill and that he only received a urine test at the hospital.  On October 6, 2011, defendant Pollard affirmed the hearing officer's decision, stating that he found the "penalty and finding of guilt appropriate."  Dkt. #1, exh. 1 at 5.

To pay for the restitution, prison officials have removed funds from plaintiff's prison trust account and intercepted money sent to plaintiff from outside the prison.


DISCUSSION

Although the complaint is somewhat confusing, it appears that plaintiff is alleging that he was denied procedural due process protections during his disciplinary hearing when he was not given the opportunity to contest the hospital bill.  Plaintiff also alleges that restitution was an improper punishment because he was found not guilty of lying.

The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  An allegation of deprivation of due process rights states a claim under both procedural and substantive due process.  Black v. Lane, 22 F.3d 1395, 1402-03 (7th Cir. 1994); Kauth v. Hartford Ins. Co., 852 F.2d 951, 954 n.4 (7th Cir. 1988).  "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient."  Scruggs

4

v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007). Plaintiff has a constitutionally protected property interest in the funds deposited in his prison trust account, including money sent to him from sources outside the prison. Campbell v. Miller, 787 F.2d 217, 222 (7th Cir. 1986).

To provide a prisoner due process in disciplinary proceedings, the institution must give him: (1) written notice of the claimed violation at least 24 hours before the hearing; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence, consistent with institutional safety; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974); Scruggs, 485 F.3d at 939 (quoting Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992)). In addition, the findings of the disciplinary committee must be "supported by some evidence in the record." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 456-47 (1985).

I understand plaintiff to be arguing that because he did not lie about taking the pills, the hospital visit was necessary and he should not be charged for it. Plaintiff points out that Pelischek admitted that the HSC unit manager instructed him to write up plaintiff for lying. In making this argument, plaintiff incorrectly assumes that Pelischek was referring to the health services unit manager and that he was accused of lying about taking pills because the toxicology report came back negative. "HSC" actually refers to Health and Segregation Complex and not the Health Service Unit, the abbreviation for which is "HSU." In

addition, neither the conduct report nor the hearing decision make clear what basis for the lying charge was.

In any event, restitution is an appropriate penalty for the other two charges of which plaintiff was found guilty. O'Donovan determined that plaintiff attempted to misuse prescription medication and disobeyed a direct order to put down the cup of pills. As a direct result of these acts, plaintiff had to be taken to the hospital for medical attention. Under Wis. Admin. Code § DOC 303.72(5), a hearing officer may impose restitution for medical bills. Further, a hearing officer has the discretion to impose restitution in addition to or in lieu of any other penalty. § 303.68(1). In sum, restitution was an appropriate punishment to impose for the offenses that plaintiff committed.

Plaintiff also complains that O'Donovan did not show him a copy of the hospital bill, even though it was part of the hearing record. Although inmates have a limited right to call witnesses and present evidence at disciplinary hearings, the Constitution does not impose the requirement of confrontation and cross-examination in prison disciplinary hearings. Wolff, 418 U.S. at 566-67. Plaintiff's complaint about not seeing the bill fails to state a procedural due process claim upon which relief may be granted.

To the extent that plaintiff is alleging that the disciplinary charges were false or based on fabricated evidence, that claim also fails. Issuing false and unjustified disciplinary charges can amount to a violation of substantive due process if the charges were issued in retaliation for the exercise of a constitutional right. Black, 22 F.3d at 1402-03; see also Lagerstrom v. Kingston, 463 F.3d 621, 623 (7th Cir. 2006). On the other hand, legitimate disciplinary

6

charges do not violate plaintiff's right to substantive due process.   "'[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.'"   Lagerstrom, 463 F.3d at 625 (quoting McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999)).   Although this law may seem unfair, it relates to the nature of the due process clause, which is directed primarily at improving the accuracy of decisions through fair procedures rather than direct review of the evidence.   McPherson, 188 F.3d at 787.   Because plaintiff has not alleged any retaliation and his hearing met all relevant procedural standards, he has not stated a substantive due process claim regarding what he may consider to be false or trumped up evidence or charges. Lagerstrom, 463 F.3d at 625 (same).   Accordingly, plaintiff's complaint will be dismissed.


ORDER

IT IS ORDERED that

1.  Plaintiff Alfredo Vega's complaint is DISMISSED for his failure to state a claim upon which relief may be granted.

2.  Plaintiff's motion for appointment of counsel, dkt. #5, is DENIED as moot.

3.  A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

4.  Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2).   The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation to deduct payments from plaintiff's trust fund account until the filing fee has been paid in full.

5.  The clerk of court is directed to enter judgment in favor of defendant William Pollard and close this case.

Entered this 19th day of June, 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge